UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JORGE VALDEZ,

             Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

             Defendant.

CASE NO. C17-818-BAT

**ORDER AFFIRMING THE COMMISSIONER**

## INTRODUCTION

Jorge Valdez appeals the ALJ's October 5, 2016, decision finding him not disabled. The ALJ found Mr. Valdez last worked in December 2011; that degenerative disc disease with neuroforaminal stenosis at L4-5 and L5-S1, HIV/AIDS, posttraumatic stress disorder, major depressive disorder, and neurocognitive disorder are severe impairments; that with these impairments Mr. Valdez has the Residual Functional Capacity ("RFC") to perform medium work with additional physical, and environmental limitations. The ALJ also found Mr. Valdez can perform simple and complex tasks, work in two-hour intervals before needing a 15-minute break to refocus; perform work that does not include tandem tasks or tasks involving a cooperative team effort; perform work that does not require contact with the public as an essential element of

any task, but incidental public contact is not precluded; perform work in a low-stress environment, meaning he can have only occasional and routine changes in the workplace setting.

Based on this RFC, the ALJ concluded Mr. Valdez is not disabled because he can perform his past work as an office helper, bagger, and mail clerk, and other jobs in the national economy. Tr. 19-33. The ALJ's decision is the Commissioner's final decision because the Appeals Council denied review. Tr. 1-4.

Mr. Valdez's challenge to the ALJ's decision is problematic. His opening brief violates the Court's scheduling order. Dkt. 9. The order requires claimants to list all assignments of error starting on page one of the opening brief. Dkt. 9. But, Mr. Valdez's opening brief has no list on the first page or anywhere else. Dkt. 10. The Commissioner argues the Court should therefore disregards all of Mr. Valdez's claims. Dkt. 11 at 2. The Court provides counsel a one-time pass; counsel shall ensure that all future briefs comply with the Court's scheduling order.

Additionally, the opening brief discusses Mr. Valdez's view of the evidence, and how based upon that view, the Court should find he is disabled and issue an order granting benefits. Dkt. 10. This approach misses the mark because it fails to set forth specifically how and why the ALJ erred. Accordingly, for the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## DISCUSSION

**A.     Evaluation of the Medical Evidence**

Mr. Valdez argues substantial evidence does not support the ALJ's disability determination. Dkt. 10 at 2. Mr. Valdez bears the burden of showing the ALJ harmfully erred. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009). He falls far short of meeting this burden. First, Mr. Valdez's opening briefs sets forth his views of the medical records and opinions of

John Hickman, M.D., Peggy Wood, Ph.D., Linda Luster, M.D., David White Ph.D., John Pauk, M.D., Russell Vandenbelt, M.D., and Richard Schneider, M.D. *Id.* at 3-15. Essentially, the opening brief summarizes portions of the medical evidence, and contends the ALJ should have found him disabled based upon the summarized evidence. Dkt. 10 at 3-15.

But this provides the Court with no reasoned explanation as to how or why the ALJ erred in rejecting the portions of the medical record to which Mr. Valdez outlines. Additionally, claims that are unsupported by explanation or authority may be deemed waived. *See Avila v. Astrue*, No. C07-1331, 2008 WL 4104300 (E.D. Cal. Sept. 2, 2008) at * 2 (unpublished opinion) (citing *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 923-24 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue); *Independent Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003)).

Here, Mr. Valdez's recites the medical evidence, but provides not much else. It is not enough merely to present an argument in the skimpiest way (i.e., listing the evidence), and leave the Court to do counsel's work—framing the argument, and putting flesh on its bones through a discussion of the applicable law and facts. *See e.g. Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met Listings because claimant provided no analysis of relevant law or facts regarding Listings); *Perez v. Barnhart*, 415 F.3d 457, 462 n. 4 (5th Cir. 2005) (argument waived by inadequate briefing); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n. 2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review).

In short, Mr. Valdez lists medical evidence he believes shows he is disabled. The ALJ assessed the medical evidence differently and concluded Mr. Valdez is not disabled. While Mr. Valdez has set forth the medical evidence, he has failed to set forth why the ALJ's assessment of

that evidence is erroneous. He has therefore failed to establish the ALJ harmfully erred in assessing the medical evidence, and the ALJ is affirmed.

Although Mr. Valdez has failed to explain how the ALJ harmfully erred, the Court has reviewed the entire record. The Court notes the ALJ found surveillance of Mr. Valdez showed he was more functional than Drs. Wood, Luster and White opined. Tr. 25-30. The Court also notes the ALJ discounted Dr. Wood's opinions based upon Dr. Schneider's opinion that Mr. Valdez was less impaired. Tr. 25. The ALJ accepted Dr. Vanderbilt's opinion that Mr. Valdez should not work in a setting that requires repetitive contact with the public. Tr. 30. Dr. Vanderbilt also opined that Mr. Valdez "can engage in full-time gainful employment." Tr. 943. In short, the record shows the ALJ considered the medical opinions discussed by Mr. Valdez and gave valid reasons to discount some of the opinions.

In the section devoted to the surveillance videos, Mr. Valdez argues the surveillance of his activities cannot possible undermine the opinions of his treating doctors, or his testimony. Dkt. 10 at 16. But an ALJ may discount an opinion that is inconsistent with other evidence in the record. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). A material inconsistency between a treating physician's opinion and a claimant's admitted level of daily activities can furnish a specific, legitimate reason for rejecting the treating physician's opinion. *See, e.g., Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). The Court accordingly affirms the ALJ's assessment of the medical evidence.

**B.  ALJ's Reliance on Surveillance Videos**

Mr. Valdez contends the ALJ erred in relying on surveillance videos to discount his testimony. The ALJ discounted Mr. Valdez's testimony as (1) uncorroborated by the medical

ORDER AFFIRMING THE COMMISSIONER - 4

evidence and (2) inconsistent with Mr. Valdez's activities, as self-reported and observed during investigative surveillance. Tr. 23-26.

Mr. Valdez argues the ALJ unduly emphasizes the surveillance videos, because the surveillance did not document any activities that are inconsistent with his testimony. Dkt. 10 at 15-16. The ALJ found the surveillance videos showed activities that are inconsistent with Mr. Valdez's allegations in multiple ways. For example, Mr. Valdez testified at the 2016 hearing that he would work in his partner's law office a few times a week, for about four hours per day, Tr. 58-59, but the surveillance video showed that on multiple days he drove to the office at 7:30 a.m. and did not return home until 5 or 6 p.m. Tr. 26. The ALJ also noted although Mr. Valdez alleged problems dealing with the public, Tr. 370, ("I can no longer deal with the public"), the surveillance videos document Mr. Valdez routinely ran multiple errands to public locations without apparent difficulty. Tr. 26. This evidence undermines Mr. Valdez's testimony. *See Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains.").

Mr. Valdez also contends the surveillance videos document only a few days spread over the course of several years. Dkt. 10 at 16. The record shows 27 surveillance videos were taken between 2012 and 2015. One could debate whether this is a sufficiently large number of videos. But because the Court cannot say it was unreasonable for the ALJ to rely on 27 videos rather than requiring more, the Court is required to affirm the ALJ's determination. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir.2008) (Where evidence is susceptible to more than one

rational interpretation, the Court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.).

**D.     Vocational Expert Testimony**

Mr. Valdez contends the ALJ erred in relying on testimony provided by a vocational expert ("VE") at his first hearing in 2013, rather than eliciting VE testimony at the 2016 hearing the ALJ conducted to reach her findings in this case. Dkt. 10 at 17-18. Mr. Valdez emphasizes that the 2013 decision was vacated by the Appeals Council. Dkt. 10 at 17.

Although the Appeals Council vacated the 2013 decision, it did not require the ALJ obtain new VE testimony on remand. *See* Tr. 154. Instead it directed the ALJ to call a VE, if warranted, to "clarify" the effect of limitations that the ALJ found following the new hearing. *Id.* The ALJ however did not find new limitations in 2016. Rather since the 2016 RFC determination is identical to the 2013 RFC determination, there was no reason to call another VE to "clarify" the impact of Mr. Valdez's limitations. This is because the 2013 VE testimony was elicited in response to a hypothetical that contains all of the limitations the ALJ found in 2016. *Compare* Tr. 22 *with* Tr. 139. Accordingly, the ALJ reasonably relied upon the 2013 VE testimony in reaching the 2016 disability decision. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Mr. Valdez cites no authority suggesting the ALJ erred in this regard, and the Court is aware of none. Accordingly, the Court finds Mr. Valdez has failed to show the ALJ harmfully erred in relying on 2013 VE testimony to support the 2016 findings at steps four and five. *See* Tr. 31-33.

//

//

//

**CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 17th day of October, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge